## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ALEXSAM, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:03-CV-337 Ward** |
| | § | **Jury** |
| **DATASTREAM CARD SERVICES** | § | |
| **LIMITED, FSV PAYMENT SYSTEMS** | § | |
| **LTD., MBC DIRECT, LLC, NEXT** | § | |
| **ESTATE COMMUNICATIONS, INC.,** | § | |
| **SIMON PROPERTY GROUP, INC.,** | § | |
| **TRANSCEND LLC,** | § | |
| **WILDCARD SYSTEMS, INC.,** | § | |
| **INTERACTIVE COMMUNICATIONS** | § | |
| **INTERNATIONAL, INC., and** | § | |
| **GLOBAL COMMUNICATIONS CORP.** | § | |
| | § | |
| **Defendants.** | § | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT MBC DIRECT, LLC

Defendant MBC DIRECT, LLC ("MBC Direct") hereby answers Plaintiff's Fourth Amended Complaint for Patent Infringement.

### A. ADMISSIONS AND DENIALS

### THE PARTIES

1.      Alexsam is a corporation organized and existing under the laws of the State of Texas.

> **Answer:**      MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

2.      On information and belief, Datastream Card Services Limited is a registered private limited company organized and existing under the laws of the United Kingdom, and having a registered office for purposes of service of process at 11-13 Soho Street, London, England, W1D 3DJ. Datastream is doing business in this judicial district and elsewhere in the United States.

**Answer:**      MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

3.      On information and belief, FSV is a corporation organized and existing under the laws of the State of Nevada, and has designated its registered agent and office for purposes of service of process as John Hagy, 15710 John F. Kennedy Blvd., Suite 500, Houston, Texas 77032. FSV is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**      MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

4.      On information and belief, MBC Direct is a limited liability company organized and existing under the laws of the State of Georgia, and has designated its registered agent and office for purposes of service of process as Brandon G. Bridges, 229 Peachtree Street, N.E., Suite 2110, Atlanta, Georgia 30303. MBC Direct is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**      Admitted.

5.      On information and belief, Next Estate is a corporation organized and existing under the laws of the State of Delaware, and has designated its registered agent and office for purposes of service of process as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Next Estate is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**      MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

6.      On information and belief, Simon is a corporation organized and existing under the laws of the State of Delaware, and has designated its registered office for purposes of service of process as CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.  Simon is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**      MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

7.      On information and belief, Transcend is a limited liability company organized and existing under the laws of the State of Ohio, and has designated its registered agent and office for purposes of service of process as CT Corporation System, 36 East Seventh Street, Suite 2400, Cincinnati, Ohio 45202.  Transcend is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**      MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

8.      On information and belief, Wildcard is a corporation organized and existing under the laws of the State of Florida, and has designated its registered agent and office for purposes of service of process as C. Christian Sautter, Seiler & Sautter, 2900 East Oakland Park Boulevard, Suite 200, Fort Lauderdale, Florida 33306.  Wildcard is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

9.      On information and belief, InComm is a corporation organized and existing under the laws of the State of Nevada, and maybe served through its attorney, Thomas F. Lillard, Hunton & Williams LLP, Energy Plaza, 30th Floor, 1601 Bryan Street, Dallas, Texas 75201. InComm is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

10.     On information and belief, Globetel is a corporation organized and existing under the laws of the State of Delaware, and has designated its registered agent and office for purposes of service of process as CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.  Globetel is doing business in this judicial district, in Texas and elsewhere in the United States.

**Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

## JURISDICTION AND VENUE

11.    This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

> **Answer:**    MBC Direct admits that the Complaint purports to assert an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code, but MBC Direct denies that it has committed any acts of patent infringement.

12.    Subject-matter jurisdiction over Alexsam's claims is conferred upon this Court by 28U.S.C. §§ 1331 and 1338(a).

> **Answer:**    Admitted.

13.    On information and belief, all defendants have solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

> **Answer:**    MBC Direct admits it has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas. MBC Direct denies it has committed any acts of patent infringement, and therefore, denies that it has attempted to obtain benefits related in any manner to alleged patent infringement. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding other defendants and therefore, denies the same.

14.     On information and belief, Datastream provides prepaid stored value products and services including a prepaid debit card promoted as the Internet Cash Card. The Internet Cash Card may also be used to make long distance telephone calls. Datastream places its products and services into the stream of commerce throughout the United States and is actively engaged in transacting business in Texas and in the Eastern District of Texas.

> **Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

15.     Datastream has an internet website, www.intenietcashcard.com, specifically directed to its Internet Cash Card where one can obtain information about Datastream and its Internet Cash Card. Through this website, Datastream solicits people that are interested in receiving an Internet Cash Card to fill out an on-line form on the internet and submit it over the internet to order an Internet Cash Card that may be used to infringe the patents that are the subject of the cause of action set forth herein. Through its internet website, Datastream provides its customers and prospective customers with a copy of its Cardholder Agreement & Disclosure Statement which specifies that the laws of the State of Texas govern that agreement. Additionally, on information and belief, Datastream has a business relationship with defendant FSV which has a place of business in Texas, and Omni Bank, which has a place of business in Louisiana. On information and belief, FSV maintains records related to each Internet Cash Card that is issued. On information and belief, FSV also provides other processing services for Datastream's Internet Cash Card on behalf of Datastream and/or Omni Bank. Datastream has actively solicited business from the State of Texas, including the Eastern District of Texas. Datastream has committed acts of infringement in this District.

**Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

16.     On information and belief, all defendants provide prepaid stored value products and services, including prepaid debit cards and/or prepaid phone cards. All defendants place their products and services into the stream of commerce throughout the United States and are actively engaged in transacting business in Texas and in the Eastern District of Texas.

**Answer:**     MBC Direct provides prepaid stored value products and services, including prepaid debit and phone cards. MBC Direct admits it places its products and services into commerce in the United States and that it is transacting business in Texas and in the Eastern District of Texas. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants and therefore, denies the same.

17.     Datastream is a foreign corporation that, either alone or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District, and, on information and belief, is doing business in this District.

**Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

18.     FSV, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

> **Answer:** MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

19. MBC Direct, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

> **Answer:** MBC Direct denies that either alone, or in conjunction with others, it has committed acts of infringement in this District. MBC Direct admits it is subject to personal jurisdiction in this District and, is doing business in this District.

20. Next Estate, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

> **Answer:** MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

21. Simon, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

> **Answer:** MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

22.     Transcend, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

    **Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

23.     Wildcard, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

    **Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

24.     InComm, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

    **Answer:**     MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

25.     Globetel, either alone, or in conjunction with others, has committed acts of infringement in this District, is subject to personal jurisdiction in this District and, is doing business in this District.

**Answer:**    MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same.

26.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d) and 1400(b).

**Answer:**    MBC Direct admits venue is proper in this judicial district.

**PATENT INFRINGEMENT**

27.    On December 14, 1999, U.S. Patent No. 6,000,608 ("the '608 patent"), entitled "Multifunction Card System," a copy of which is attached hereto as Exhibit A, was duly and legally issued to the inventor, Robert E. Dorf. Mr. Dorf has assigned all right, title and interest in the '608 patent to Alexsam, including the right to sue for and recover all past, present and future damages for infringement of the '608 patent.

**Answer:**    MBC Direct admits that on December 14, 1999, U.S. Patent No. 6,000,608 ("the '608 patent"), entitled "Multifunction Card System," was issued to Robert E. Dorf and that a copy of the '608 patent is attached to the Complaint. MBC Direct denies that the '608 patent was duly and legally issued. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding an assignment of the '608 patent by Mr. Dorf to Alexsam, and therefore, denies the same.

28.    On February 20, 2001, U.S. Patent No. 6,189,787 ("the '787 patent"), entitled "Multifunctional Card System," a copy of which is attached hereto as Exhibit B, was duly and legally issued to the inventor, Robert E. Dorf. Mr. Dorf has assigned all right, title and

10

interest in the '787 patent to Alexsam, including the right to sue for and recover all past, present and future damages for infringement of the '787 patent.

**Answer:**   MBC Direct admits that on February 20, 2001, U.S. Patent No. 6,189,787 ("the '787 patent"), entitled "Multifunction Card System," was issued to Robert E. Dorf and that a copy of the '787 patent is attached to the Complaint.   MBC Direct denies that the '787 patent was duly and legally issued.   MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding an assignment of the '787 patent by Mr. Dorf to Alexsam, and therefore, denies the same.

29.   Upon information and belief, Defendants, either alone or in conjunction with others, have in the past and continue to infringe, contribute to infringement, and/or induce infringement of the '608 and/or '787 patents by making, using, selling and/or offering to sell, and/or causing others to use, in this judicial district and elsewhere in the United States, prepaid debit or prepaid phone cards, and services, which in combination with other devices and systems, and in use, are covered by one or more of the claims of the '608 and/or '787 patents. Defendants are liable for infringement of the '608 and/or '787 patents pursuant to 35 U.S.C. § 271.

**Answer:**   MBC Direct denies the allegations in this paragraph to the extent they pertain to MBC Direct. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the other defendants and therefore, denies the same.

30.     On information and belief, the infringement of the '608 and/or '787 patents by Datastream, MBC Direct, Next Estate, Transcend, Wildcard, InComm and Globetel has been with notice and knowledge of the patents and has been willful and deliberate.

**Answer:**    MBC Direct denies the allegations in this paragraph to the extent they pertain to MBC Direct. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the other defendants and therefore, denies the same.

31.     Defendants' acts of infringement have caused damage to Alexsam, and Alexsam is entitled to recover from Defendants the damages sustained by Alexsam as a result of Defendants' wrongful acts in an amount subject to proof at trial.

**Answer:**    MBC Direct denies the allegations in this paragraph to the extent they pertain to MBC Direct. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the other defendants and therefore, denies the same.

32.     As a consequence of the infringement complained of herein, Alexsam has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

**Answer:**    MBC Direct denies the allegations in this paragraph to the extent they pertain to MBC Direct. MBC Direct is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the other defendants and therefore, denies the same.

### PRAYER FOR RELIEF

**Answer:**     MBC Direct denies that Alexsam is entitled to any of the relief sought in the Prayer for Relief.

### B. AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     MBC Direct is not infringing and has not infringed any valid, properly-construed claim of the '608 patent and/or the '787 patent, nor has it induced or contributorily infringed any claim to the patents-in-suit.

3.     The claims of the '608 patent and/or the '787 patent are invalid and void for failing to meet the requirements of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103 and 112 thereof.

4.     Alexsam is estopped from asserting construction of any claim of the '608 patent and/or the '787 patent that covers any acts of MBC Direct or any products made, used, sold or offered for sale by MBC Direct because of amendments and arguments made by the inventor to obtain allowance of the patent claims.

5.     Alexsam's claims are barred in whole or in part by the doctrines of mitigation of damages, unclean hands, waiver, laches, license, acquiescence, preclusion and equitable estoppel.

6.     Alexsam's claims are barred because any action taken by MBC Direct was at all times legally justified.

7.     Alexsam's claims are unenforceable because it has misused and/or abused the '608 patent and '787 patent.

8.      The harm caused to Alexsam, if any, was fully or partially caused by Alexsam's own acts or omissions.

9.      At all times relevant to the claims, MBC Direct's conduct was in good faith, was justified by legitimate purposes, and lacked any wrongful intent.

10.     Alexsam's claims are barred due to lack of standing.

11.     Alexsam's claims are barred by the doctrine of failure of conditions precedent.

MBC Direct reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including defenses related to validity and enforceability.

### C.  COUNTERCLAIM

Defendant/Counter-Plaintiff MBC Direct, LLC ("MBC Direct"), for its counterclaim against Plaintiff/Counter-Defendant Alexsam, Inc. ("Alexsam"), alleges as follows:

### COUNT I – DECLARATION OF NON-INFRINGEMENT AND INVALIDITY

### JURISDICTION AND VENUE

1.      MBC Direct files this counterclaim against Alexsam for a declaratory judgment under Title 28, United States Code, Sections 2201 and 2202.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue in established in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and by plaintiff's choice of forum.

### THE PARTIES

3.      MBC Direct is a limited liability company organized and existing under the laws of the State of Georgia, and having a principal place of business at 2100 West Loop South, Suite 610, Houston, Texas 77027.

4.     Alexsam is a Texas corporation that claims to be the assignee and owner of U.S. Patents No. 6,000,608 ("the '608 patent") and No. 6,189,787 ("the '787 patent") (collectively "the patents-in-suit").

## DECLARATORY JUDGMENT

5.     A real and actual controversy exists between MBC Direct and Alexsam with respect to the validity, enforceability and alleged infringement of the patents-in-suit. Specifically, Alexsam has alleged that the patents-in-suit are valid, and infringed and enforceable against MBC Direct, and MBC Direct has denied all of these allegations.

6.     MBC Direct seeks a declaration that the '608 patent and the '787 patent and each claim thereof is invalid for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code including, but not limited to, § § 101, 102, 103, 112, 132 and/or 305.

7.     MBC Direct seeks a declaration that it has not infringed and is not infringing any valid claim of the asserted patents-in-suit, either directly, contributorily or otherwise, nor induced others to infringe the patents-in-suit.

8.     MBC Direct seeks a declaration that the patents-in-suit are unenforceable, and that Alexsam is barred from obtaining any relief based on said patent because of laches, estoppel and unclean hands.

9.     MBC Direct seeks a declaration that its actions are permitted, in whole or in part, by 35 U.S.C. § 273.

10.     This is an exceptional case under 35 U.S.C. § 285. Accordingly, MBC Direct is entitled to recover its reasonable attorneys fees incurred in this action.

## JURY DEMAND

MBC Direct hereby demands a trial by jury on all claims so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, MBC Direct requests the following relief:

a.      that the Complaint be dismissed with prejudice in its entirety;

b.      that all relief requested by Alexsam as set forth in its Complaint be denied;

c.      that a declaratory judgment be granted in favor of MBC Direct finding that each and every claim of the '608 patent and the '787 patent is invalid and unenforceable;

d.      that a declaratory judgment be rendered in favor of MBC Direct that it does not infringe, induce infringement of or contributorily infringe any of the claims of the '608 patent or the '787 patent;

e.      that this Court declare that the '608 patent and the '787 patent are unenforceable against MBC Direct and its customers under 35 U.S.C. § 273;

f.      that MBC Direct be awarded its costs of suit;

g.      that this case be adjudged an "exceptional case" under 35 U.S.C. § 285 and that MBC Direct be awarded its costs, expenses, and attorneys fees incurred herein; and,

h.      that MBC Direct be awarded such other and further relief to which it may be entitled.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas 78205
Tel:   (210) 281-7000
Fax:   (210) 224-2035


_R. Laurence Macon_

R. Laurence Macon (Attorney-in-Charge)
State Bar No. 12787500
lmacon@akingump.com
Donna K. Schneider (Of Counsel)
State Bar No. 50511881
dschneider@akingump.com

ATTORNEYS FOR DEFENDANT,
MBC DIRECT, LLC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent this the 16th day of August, 2004, via certified mail, return receipt requested or U.S. Mail to the following:

Randy J. McClanahan
State Bar No. 13391500
randy@mcllp.com
McClanahan & Clearman, L.L.P.
700 Louisiana, Suite 4100
Houston, Texas  77002
Tel:    (713) 223-2005
Fax:    (713) 223-3664

Otis W. Carroll, Jr.
State Bar No. 03895700
nancy@icklaw.com
Ireland Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500 (75703)
P.O. Box 7879
Tyler, Texas  75711
Tel:    (903) 561-1600
Fax:    (903) 581-1071

Sidney Calvin Capshaw, III
State Bar No. 03783900
ccapshaw@mailbmc.com
Brown McCarroll, L.L.P.
1127 Judson Road, Suite 220 (75606)
P.O. Box 3999
Longview, Texas 75601-5157
Tel:    (903) 236-9800
Fax:    (903) 236-8787

Franklin Jones, Jr.
State Bar No. 00000055
maizieh@millerfirm.com
Jones and Jones, Inc., P.C.
201 West Houston Street
P.O. Box 1249
Marshall, Texas  75671-1249
Tel:    (903) 938-4395
Fax:    (903) 938-3360

ATTORNEYS FOR PLAINTIFF,
ALEXSAM, INC.

John T. Polasek
State Bar No. 16088590
tpolasek@pqelaw.com
C. Dale Quisenberry
State Bar No. 24005040
dquisenberry@pqelaw.com
Colin E. Errington
State Bar No. 00796517
cerrington@pqelaw.com
Polasek, Quisenberry & Errington, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas  77401
Tel:    (832) 778-6000
Fax:    (832) 778-6010

CO-COUNSELS FOR PLAINTIFF,
ALEXSAM, INC.


Glenn A. Ballard, Jr.
State Bar No. 01650200
gballard@bracepatt.com
Phillip L. Sampson, Jr.
State Bar No. 00788344
psampson@bracepatt.com
John F. Luman, III
State Bar No. 00794199
jluman@bracepatt.com
Bracewell & Patterson, L.L.P.
711 Louisiana, Suite 2900
Houston, Texas  77002-2781
Tel:    (713) 223-2900
Fax:    (713) 221-1212

ATTORNEYS FOR DEFENDANT, FSV
PAYMENT SYSTEMS, INC.

Edward R. Schwartz
California State Bar No. 147553
ers@cph.com
Christie Parker & Hale LLP
350 W. Colorado Blvd., Suite 500
P.O. Box 7068
Pasadena, CA 91105-7068
Tel:    (626) 795-9900
Fax:    (626) 577-8800

ATTORNEY FOR DEFENDANT, NEXT
ESTATE COMMUNICATIONS, INC.

Jennifer P. Ainsworth
State Bar No. 00784720
Wilson, Sheehy, Knowles, Robertson
315 East 5th Street
Tyler, Texas 75701
Tel:    (903) 593-2561
Fax:    (903) 593-0686

CO-COUNSEL FOR DEFENDANT, NEXT
ESTATE COMMUNICATIONS, INC.

Jerry L. Beane
State Bar No. 01966000
jerrybeane@andrewskurth.com
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Tel:    (214) 659-4400
Fax:    (214) 659-4401

ATTORNEY FOR DEFENDANTS, SIMON
PROPERTY GROUP, INC. and
WILDCARD SYSTEMS, INC.

Kirk S. Blecha
Baird, Holm, McEachen, Pederson, Hamann
& Strasheim LLP
1500 Woodmen Tower
Omaha, NB 68012
Tel:    (402) 344-0500
Fax:    (402) 344-0588

CO-COUNSEL FOR DEFENDANTS,
SIMON PROPERTY GROUP, INC. and
WILDCARD SYSTEMS, INC.

Thomas Foster Lillard
State Bar No. 12352900
tlillard@hunton.com
John Paul Pinkerton
State Bar No. 16016700
jpinkerton@hunton.com
Wm. Stephen Boyd
State Bar No. 02780500
wboyd@hunton.com
Paul O. Wickes
State Bar No. 00788663
pwickes@hunton.com
Hunton & Williams LLP
1601 Bryan Street, 30th Floor
Dallas, Texas 75201-3402
Tel:    (214) 979-3000
Fax:    (214) 880-0011

J. Rodney Gilstrap
State Bar No. 07964200
gilstrap1957@yahoo.com
Smith & Gilstrap
100 W. Houston Street
Marshall, Texas 75670
Tel:    (903) 938-8321
Fax:    (903) 938-8331

Jason Riley Searcy
State Bar No. 17953500
jsearcy@jrsearcylaw.com
Attorney at Law
P.O. Box 3929
Longview, Texas 75606-3929
Tel:    (903) 757-3399
Fax:    (903) 757-9559

ATTORNEYS FOR DEFENDANT,
INTERACTIVE COMMUNICATIONS
INTERNATIONAL, INC.

R. Laurence Macon