IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ALEXSAM, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| *vs.* | § | **Case No. 2-03CV-337** |
| | § | |
| **FSV PAYMENT SYSTEMS LTD.,** | § | **JURY TRIAL DEMANDED** |
| **MBC DIRECT, LLC, NEXT ESTATE** | § | |
| **COMMUNICATIONS, INC., SIMON** | § | |
| **PROPERTY GROUP, INC., TRANSCEND** | § | |
| **LLC, WILDCARD SYSTEMS, INC.,** | § | |
| **INTERACTIVE COMMUNICATIONS** | § | |
| **INTERNATIONAL, INC., ONE GLOBAL** | § | |
| **FINANCE, INC., GALILEO PROCESSING,** | § | |
| **INC., AMERICAN EXPRESS TRAVEL** | § | |
| **RELATED SERVICES COMPANY, INC.,** | § | |
| **and ITC FINANCIAL SERVICES, LLC.** | § | |
| | § | |
| **Defendants.** | § | |

## SECOND AMENDED ANSWER AND COUNTERCLAIM
## OF DEFENDANT INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC.

Defendant Interactive Communications International, Inc. ("InComm") states the following for its Second Amended Answer and Counterclaim to the Fifth Amended Complaint for Patent Infringement ("Complaint") of Alexsam, Inc. ("Alexsam"):

### The Parties

1.      InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies the same.

2.      InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies the same.

3.      InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies the same.

4.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, therefore, denies the same.

5.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies the same.

6.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies the same.

7.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the same.

8.     InComm is a corporation existing under the laws of the State of Nevada and may be served through its attorney, Thomas F. Lillard, Hunton & Williams LLP, Energy Plaza, 30th Floor, 1601 Bryan Street, Dallas, Texas 75201.  InComm admits that it is doing business in this judicial district, in Texas and elsewhere in the United States.

9.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies the same.

10.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the same.

11.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies the same.

12.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies the same.

13.     InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies the same.

**Jurisdiction and Venue**

14.     InComm admits that the Complaint purports to assert an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code, but InComm denies that it has committed any acts of patent infringement.

15.     InComm admits that subject-matter jurisdiction of Alexsam's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

16.     InComm admits that it has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas.  InComm denies that it has committed any acts of patent infringement and, therefore, denies that it has attempted to obtain benefits related in any manner to alleged patent infringement as asserted against InComm in the Complaint.

17.     InComm admits that it provides prepaid stored value products and services, including prepaid phone cards.  InComm denies that it provides prepaid debit cards.  InComm admits that it places its products and services into commerce in the United States and that it is transacting business in Texas and the Eastern District of Texas.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding the other defendants and, therefore, denies the same.

18.     InComm denies that it either alone or in conjunction with others has committed any acts of infringement in this district or elsewhere.  InComm admits that it is subject to personal jurisdiction in this district and is doing business in this district.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 regarding the other defendants and, therefore, denies the same.

19.     InComm admits that venue is proper in this judicial district.

## Alleged Patent Infringement

20.     InComm admits that on December 14, 1999, U.S. Patent No. 6,000,608 ("the '608 patent"), entitled "Multifunction Card System," was issued to Robert E. Dorf.  InComm admits that a copy of the '608 patent is attached as Exhibit A to the Complaint.  InComm denies that the '608 patent was duly and legally issued.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding an assignment of the '608 patent by Mr. Dorf to Alexsam and, therefore, denies the same.

21.     InComm admits that on February 20, 2001, U.S. Patent No. 6,189,787 ("the '787 patent"), entitled "Multifunctional Card System," was issued to Robert E. Dorf.  InComm admits that a copy of the '787 patent is attached as Exhibit B to the Complaint.  InComm denies that the '787 patent was duly and legally issued.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding an assignment of the '787 patent by Mr. Dorf to Alexsam and, therefore, denies the same.

22.     InComm denies the allegations in paragraph 22 to the extent that they pertain to InComm.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 regarding the other defendants and, therefore, denies the same.

23.     InComm denies the allegations in paragraph 23 to the extent that they pertain to InComm.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 regarding the other defendants and, therefore, denies the same.

24.     InComm denies the allegations in paragraph 24 to the extent that they pertain to InComm.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding the other defendants and, therefore, denies the same.

25.     InComm denies the allegations in paragraph 25 to the extent that they pertain to InComm.  InComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 regarding the other defendants and, therefore, denies the same.

### Prayer for Relief

InComm denies that Alexsam is entitled to any of the relief sought in the Prayer for Relief.

### Affirmative Defenses

26.     The claims of the '608 patent and the '787 patent are invalid and void for failing to meet the requirements of Title 35, United States Code, including, but not limited to, Sections 102, 103 and 112 thereof.

27.     Alexsam is estopped from asserting construction of any claim of the '608 patent or the '787 patent that covers any acts of InComm or any products made, used, sold or offered for sale by InComm because of amendments and arguments made by the inventor to obtain allowance of the patent claims.

28.     Alexsam's claims are barred by waiver, laches and equitable estoppel.

29.     Alexsam's claims are barred by the doctrine of unclean hands.

30.     Alexsam's claims are unenforceable because it has misused the '608 patent and '787 patent.

31.     Alexsam lacks standing to sue for infringement.

InComm reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including defenses related to validity and enforceability.

### COUNTERCLAIM

Interactive Communications International, Inc. ("InComm"), for its counterclaim against Alexsam, Inc. ("Alexsam"), alleges as follows:

**Jurisdiction and Venue**

32.     InComm files this counterclaim against Alexsam for a declaratory judgment under Title 28, United States Code, Sections 2201 and 2202.   This Court has jurisdiction of this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

33.     Venue in this judicial district is proper based on Alexsam having brought this action in this district against InComm and pursuant to 28 U.S.C. §§ 1391(b) and (c).

**The Parties**

34.     InComm is a corporation existing under the laws of the State of Nevada and has its principal place of business at 250 Williams Street, Suite M-100, in Atlanta, Georgia 30303. InComm is engaged in the business of providing prepaid stored value products and services.

35.     Alexsam is, on information and belief, a Texas corporation that claims to be the assignee and owner of U.S. Patents No. 6,000,608 and No. 6,189,787 (the "patents-in-suit").

**Declaratory Judgment**

36.     As reflected in Alexsam's Complaint and InComm's first amended answer in this action, there is an actual controversy between the parties with respect to the issues of validity, infringement and enforceability of the patents-in-suit.  Specifically, Alexsam has alleged that the patents-in-suit are valid, infringed by InComm and enforceable against InComm, and InComm has denied all of these allegations.

37.     InComm seeks a declaratory judgment that United States Patent No. 6,000,608 is invalid, not infringed and unenforceable for one or more of the following reasons:

(a)     the patent is invalid because of the failure of the subject matter and the applicant to meet and comply with the conditions of patentability and the requirements specified in Part II, Title 35, United States Code, including, but not limited to, Sections 102, 103 and 112;

(b)     the patent has not been infringed by InComm, and InComm is not liable for infringement of said patent;

(c)     based on the proceedings in the United States Patent Office during the prosecution of the application which resulted in the issuance of the patent, as shown by the prosecution history for said patent, and because of the amendment, cancellation and abandonment of claims and the admissions and other statements made in the prosecution history, Alexsam is estopped from claiming a construction of said patent that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by InComm; and,

(d)     the patent is unenforceable, and Alexsam is barred from obtaining any relief based on said patent because of laches, estoppel and unclean hands.

38.     InComm seeks a declaratory judgment that United States Patent No. 6,189,787 is invalid, not infringed and unenforceable for one or more of the following reasons:

(a)     the patent is invalid because of the failure of the subject matter and the applicant to meet and comply with the conditions of patentability and the requirements specified in Part II, Title 35, United States Code, including, but not limited to, Sections 102, 103 and 112;

(b)     the patent has not been infringed by InComm, and InComm is not liable for infringement of said patent;

(c)     based on the proceedings in the United States Patent Office during the prosecution of the application which resulted in the issuance of the patent, as shown by the prosecution history for said patent, and because of the amendment, cancellation and abandonment of claims and the admissions and other statements made in the prosecution history, Alexsam is estopped from claiming a construction of said patent that would cause any valid

claim thereof to cover or include any product manufactured, used, sold or offered for sale by InComm; and,

(d)     the patent is unenforceable, and Alexsam is barred from obtaining any relief based on said patent because of laches, estoppel and unclean hands.

39.     This is an exceptional case under 35 U.S.C. § 285.  Accordingly, InComm is entitled to recover its reasonable attorneys fees incurred in this action.

## Jury Demand

InComm hereby demands a trial by jury on all claims so triable in this action.

## Prayer For Relief

WHEREFORE, InComm respectfully requests the Court to order:

A.     that the Complaint be dismissed in its entirety, with prejudice, and that Alexsam take nothing;

B.     that a declaratory judgment be granted in favor of InComm finding that each and every claim of the '608 patent and the '787 patent is invalid and unenforceable;

C.     that a declaratory judgment be rendered in favor of InComm that it does not infringe, induce infringement of or contributorily infringe any of the claims of the '608 patent or the '787 patent;

D.     that InComm be awarded its costs of suit;

E.     that this is an "exceptional case" under 35 U.S.C. § 285 and that InComm be awarded its attorneys fees incurred herein; and,

F.     that InComm be awarded such other and further relief to which it may be entitled.

Respectfully submitted,

By: _____

    Thomas F. Lillard
    Attorney-in-charge
    Texas Bar No. 12352900
    Brian D. Buroker
    (admission Pro Hac Vice pending)

Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, Texas 75201
Telephone: (214) 979-3025
Facsimile:  (214) 880-001

J. Rodney Gilstrap
State Bar No. 07964200
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 938-8331

Jason R. Searcy
State Bar No. 17953500
P. O. Box 3929
Longview, Texas 75606
Telephone: (903) 757-3399
Facsimile: (903) 757-9559

**ATTORNEYS FOR DEFENDANT**
**INTERACTIVE COMMUNICATIONS**
**INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2005 I electronically filed the *Second Amended Answer and Counterclaim of Defendant Interactive Communications International, Inc.* with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

_____

Thomas F. Lillard